**LAURITA ENERGY CORPORATION and Mepco, Inc., a wholly owned subsidiary of Laurita Energy Corporation, Plaintiffs,**

v.

**The VOTO MANUFACTURERS SALES COMPANY and Amsted Industries, Inc., Defendants.**

Civ. A. No. 90–0112–C.

United States District Court, N.D. West Virginia, Clarksburg Division.

June 2, 1992.

Charles E. Hurt, Victor A. Barone, Charleston, W.Va., for plaintiffs.

Mark A. Swartz, Kevin A. Nelson, Robert L. Stewart, Jr., Charleston, W.Va., for defendants.

ORDER

MAXWELL, Chief Judge.

Plaintiffs instituted the above-styled civil action in October 1990 pursuant to 28 U.S.C. § 1332, seeking to recover for damages occasioned by use of a wire rope manufactured by a subsidiary of Defendant Amsted Industries, Inc. ("Amsted")

and supplied by Defendant The Voto Manufacturers Sales Company ("Voto"). Defendant Amsted has filed a cross-claim seeking contribution from Defendant Voto, who subsequently filed a cross-claim seeking indemnity from Defendant Amsted.

Plaintiffs used the wire rope in question during coal mining operations in Monongalia County, West Virginia. The rope broke, apparently due to internal rusting, and damaged a drag line, a piece of equipment used for the extraction of coal. Plaintiffs' Complaint sets forth seven causes of action. First, Plaintiffs seek relief from both Defendants based on negligent failure to discover risks, negligent failure to warn, and negligent manufacture. Counts Two and Three seek recovery for breaches of express and implied warranties of merchantability and fitness for a particular purpose. Counts Four and Five allege strict product liability regarding manufacture and failure to warn. Counts Six and Seven allege liability against only Defendant Voto for negligence and breach of contract in supplying a wire rope manufactured by Defendant Amsted rather than by Bethlehem Wire Rope Company, the requested source of the wire rope.

Defendant Voto on March 11, 1992 filed a Motion for Summary Judgment against Defendant Amsted on the opposing cross-claims. Defendant Amsted responded to this Motion on March 25, 1992, to which Defendant Voto replied on April 13, 1992. Defendant Voto also filed a Motion for Partial Summary Judgment against Plaintiffs on March 11, 1992. In this Motion, Defendant Voto seeks judgment on Counts Six and Seven of the Complaint. Plaintiffs have not replied to this Motion within the time allowed by Local Rule 2.07(f). Inasmuch as subsection (f) of Local Rule 2.07 also provides that failure to respond to a pre-trial motion signifies no opposition to the motion, it is

ORDERED that Defendant Voto's Motion for Partial Summary Judgment against Plaintiffs be, and the same is hereby, GRANTED and that Counts Six and Seven be STRICKEN from the Complaint.

Motions for summary judgment under Rule 56, Federal Rules of Civil Procedure, impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC*, 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985).

Defendant Voto premises its Motion for Summary Judgment against Defendant Amsted on evidence brought out during discovery and upon the rationale of *Hill v. Joseph T. Ryerson & Son, Inc.*, 165 W.Va. 22, 268 S.E.2d 296 (1980). Specifically, Defendant Voto claims that deposition testimony of various experts establishes that the failure of the wire rope was proximately caused solely by the actions of Defendant Amsted. Defendant Amsted counters this argument by referencing the deposition testimony of Plaintiffs' superintendent, who states that the failure of the rope was due, at least in part, on omissions by Defendant Voto regarding warnings and maintenance advice.

The *Hill* decision established that the supplier of a defective product is entitled to indemnity from the product's manufacturer as long as the supplier in no way contributed to the injury resulting from the use of the product. *Id.* 268 S.E.2d at 300–

01. This principle, based upon sound equitable considerations of fault, applies to liability imposed pursuant to theories of strict tort liability as well as liability resulting from breach of warranty. *Id.* The opinion stated that "the initial inquiry focuses on the activities of the indemnitor and the related question of whether the conduct of the indemnitee contributed to the injuries." *Id.* at 301. Accordingly, a manufacturer-supplier relationship does not *per se* entitle a supplier to indemnity for damages resulting from the use of a product.

■ Upon a review of all matters of record, the Court is satisfied that summary judgment is improper at this time. Count One of the Complaint clearly alleges negligence on the part of Defendant Voto. The testimony of Dennis Wood, Plaintiffs' superintendent, creates a material issue of fact regarding the removal of warning labels placed on the wire rope by Defendant Amsted. Contrary to Defendant Voto's contention, this deposition testimony creates an issue to be resolved by a jury regarding the existence, and possible removal, of such warnings. Additionally, Defendant Voto apparently ignores the viability of a product liability action based on negligence rather than strict liability. Plaintiffs in Count One clearly allege negligent failure to warn, apparently based upon Defendant Voto's knowledge of Plaintiffs' maintenance procedures. Mr. Wood's testimony is sufficiently credible on this point to create an issue for jury resolution, or at least for more extensive research and discussion by the parties. *E.g. Ilosky v. Michelin Tire Corp.*, 307 S.E.2d 603, 609 (W.Va.1983) (in product liability suit premised, in part, on negligence, court noted, "For the duty to warn to exist, the use of the product must be foreseeable to the manufacturer or seller." (emphasis added)).

In summary, Plaintiffs seek recovery based, in part, on the negligence of both Defendants. The *Hill* decision does not mandate indemnity of a product's seller under this theory of liability. Accordingly, it is

ORDERED that Defendant Voto's Motion for Summary Judgment against Defendant Amsted on the opposing cross-claims be, and the same is hereby, DENIED.